**NOT FOR PUBLICATION**

```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
                     CAMDEN VICINAGE
```

```
_____
SARA BAGLEY,                 :
                             :
            Plaintiff,       :
                             :
      v.                     :    Civil No. 05-3990 (RBK)
                             :
                             :
KAREN BALICKI,               :
                             :
            Defendant.       :
_____:
```

**O P I N I O N**

**Kugler**, United States District Judge:

Pro se Plaintiff Sara Bagley seeks compensatory and punitive damages, as well as injunctive relief, from Defendant Karen Balicki, an Administrator at South Woods State Prison.  Plaintiff alleges that Defendant violated Plaintiff's equal protection rights when Defendant denied Plaintiff permission to visit Plaintiff's fiancé, an inmate at South Woods State Prison. Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting 1) This Court lacks subject matter jurisdiction over Plaintiff's Complaint pursuant to New Jersey Court Rule 2:2-3; 2) Defendant's failure to permit Plaintiff visitation rights did not violate Plaintiff's due process rights; and 3) Defendant is entitled to qualified immunity.  For the reasons stated below, the Court denies Defendant's motion to

dismiss.

## I. BACKGROUND

Pro se plaintiff, Sara Bagley ("Plaintiff"), is a resident of Neptune, New Jersey. Plaintiff's fiancé, Eric Potter ("Potter"), was an inmate at South Woods State Prison ("SWSP"). Potter attempted to add Plaintiff to his list of visitors, but Defendant denied his request, because Plaintiff is not a "relative" as defined under the New Jersey Administrative Code. (Pl.'s Compl. p. 4.); see also N.J. ADMIN. CODE § 10A:18-1.3 (defining "relative" as a parent, legal guardian, spouse, child, or sibling); N.J. ADMIN. CODE § 10A:18-6.3 (stating that correctional facility administrators may approve relatives, close friends, clergy, and "persons who may have a constructive influence on the inmate" for inmate visitation). As a result, Plaintiff was unable to visit Potter.

On August 8, 2005, Plaintiff filed a pro se action in United States District Court for the District of New Jersey under 42 U.S.C. § 1983, alleging that Defendant violated Plaintiff's equal protection rights under the Fourteenth Amendment to the United States Constitution. On June 7, 2006, Defendant moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant's motion to dismiss is unopposed.

## I. STANDARD OF REVIEW

In reviewing a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6), the Court must accept Plaintiff's allegations along with all reasonable inferences that may be drawn from them as true.  Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001) (citing Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994)).  The Court may dismiss the Complaint only if Plaintiffs can prove no set of facts that would entitle them to relief.  Burstein v. Retirement Account Plan for Employees of Allegheny Health Educ. & Research Found., 334 F.3d 365, 374 (3d Cir. 2003) (citation omitted).

**II. DISCUSSION**

    A.  Subject Matter Jurisdiction

Defendant asserts that New Jersey Court Rule 2:2-3(a)(2), which states that with limited exceptions, "appeals may be taken to the Appellate Division as of right . . . to review final decisions or actions of any state administrative agency or officer," strips this Court of subject matter jurisdiction over Plaintiff's § 1983 claim.  N.J. Ct. R. 2:2-3(a)(2) (2006).  Such an assertion ignores the tenets of federalism, and is completely without merit.

The United States Constitution vests federal courts with the power to hear cases "arising under" the Federal Constitution and "Laws of the United States."  U.S. Const. art. III, § 2.  This power is codified by 28 U.S.C. § 1331, which states "The district courts shall have original jurisdiction of all civil actions

arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Plaintiff filed a claim under 42 U.S.C. § 1983, a federal law that creates a civil cause of action for persons who allegedly suffer "deprivations of rights, privileges, or immunities secured by the Constitution and laws" by persons acting "under the color of state law." 42 U.S.C. § 1983. It is well established that this Court has federal question jurisdiction over § 1983 claims. See, e.g., Kulick v. Pocono Downs Racing Ass'n, Inc., 816 F.2d 895, 897 (3d Cir. 1987) (holding that a district court had jurisdiction over a § 1983 claim under 28 U.S.C. § 1331's "general grant of federal question jurisdiction . . . so long as the plaintiff alleges that defendant's actions violate the requisite federal law).

Therefore, Defendant's motion to dismiss based on this Court's lack of subject matter jurisdiction is denied.

B.  Merits of Plaintiff's Constitutional Claim

Defendant argues that Defendant's refusal to add Plaintiff to Potter's visitor list did not violate Plaintiff's due process rights. Although this Court does not address the merits of Plaintiff's complaint, this Court finds that a searching inquiry into the substance of Plaintiff's claim is inappropriate under the standard for deciding a motion to dismiss under Rule 12(b)(6).

As previously stated, in reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept Plaintiff's allegations along with all reasonable inferences that may be drawn from them as true. Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001) (citing Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994)). The Court may dismiss the Complaint only if Plaintiffs can prove no set of facts that would entitle them to relief. Burstein v. Retirement Account Plan for Employees of Allegheny Health Educ. & Research Found., 334 F.3d 365, 374 (3d Cir. 2003) (citation omitted). Moreover, the Third Circuit has held that complaints for civil rights violations need only meet the more liberal standards of notice pleading of Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004). Finally, courts must construe complaints so "as to do substantial justice . . . keeping in mind that pro se complaints in particular should be construed liberally." Id. at 234; see also Fed. R. Civ. P. 8(f).

Although vague and lacking specific factual allegations, Plaintiff's complaint states a claim upon which relief could be granted. Her complaint contains a short and plain statement of her claim, and she is not required to adduce substantial facts to support her claim in the initial pleading. Therefore, Defendant's motion to dismiss based on Defendant's assessment of

5

the unlikelihood of Plaintiff's success on the merits is denied.

    C.   Qualified Immunity

Defendant argues that she did not violate a "clearly established constitutional right" of the Plaintiff "by denying her visitation to the prison." (Def.'s Br. Supp. Def.'s Mot. Dismiss p. 9.) Defendant supports this argument by iterating the argument regarding Plaintiff's unlikelihood of success on the merits of her claim. This approach conflates the defendant's burden of pleading qualified immunity with the merits of Plaintiff's claim, and fails accordingly.

"[T]he qualified-immunity defense shields government agents from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Thomas v. Independence Twp., __ F.3d __ (3d Cir. 2006) (No. 05-2275), 2006 WL 2621094, at *3 (citing Behrens v. Pelletier, 516 U.S. 299, 305 (1996)). The Third Circuit has held that the burden of pleading qualified immunity rests with the defendant, and not the plaintiff. Id. at *5. As a result, a plaintiff need not "plead a violation of clearly established law in order to avoid dismissal on qualified immunity grounds." Id. at *6.

The substance of Defendant's argument is that Plaintiff did not have a "clearly established" constitutional right to inmate visitation. This Court makes no determination with regard to the

6

merits of Defendant's argument. However, the Court notes that the Defendant failed to adduce facts sufficient to plead qualified immunity with regard to Plaintiff's actual claims.  Specifically, Defendant discusses at length that Plaintiff has no liberty interest in prisoner visitation, but fails to address Plaintiff's claim that Defendant violated Plaintiff's equal protection rights when Defendant denied visitation.

Because Defendant failed to meet her burden in pleading qualified immunity with regard to Plaintiff's equal protection rights, Defendant's motion to dismiss on this ground is denied.

### III. CONCLUSION

For the foregoing reasons, the Court denies Defendant's motion to dismiss Plaintiff's claim.


DATE: 9/28/2006                         s/Robert B. Kugler
                                        ROBERT B. KUGLER
                                        U.S. DISTRICT JUDGE